TORRUELLA, Circuit Judge
(Concurring).
I write separately in response to the preceding concurrence and its inventive *313 gloss on Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), and its progeny. Neder simply applied the standard constitutional harmless-error rule articulated nearly fifty years ago in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), to a jury instruction that omitted an element of an offense. See Neder, 527 U.S. at 4, 119 S.Ct. 1827 (holding that “the harmless-error rule of Chapman v. California ” applies to the failure of a trial judge to submit an element of the offense to the jury). Contrary to the position taken by Judge Lipez, Neder did not supplant the Chapman rule by creating a novel, two-pronged test for such errors. I write separately lest the other concurrence add to the confusion of which it complains.
The other concurrence posits that there is a “troubling inconsistency” in the application of the constitutional harmless-error test in the wake of Neder. Ante, at 312 (Lipez, J., concurring). It argues that there are two possible interpretations of Neder. The first interpretation — with which I agree, and which is overwhelmingly supported by Supreme Court and First Circuit precedent — is that Neder simply applied the standard Chapman harmless-error test: “whether it appears ‘beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.”’ Neder, 527 U.S. at 15, 119 S.Ct. 1827 (quoting Chapman, 386 U.S. at 24, 87 S.Ct. 824). The second potential interpretation is that the Neder Court created a new, two-pronged harmless-error test for a subset of instructional constitutional errors: “an omitted element cannot be harmless under Neder unless the reviewing court concludes beyond a reasonable doubt that the element was both uncontested and supported by overwhelming evidence.” Ante, at 312. Judge Lipez advocates for the latter reading, and he urges the Supreme Court to clarify whether his interpretation is correct.
In my view, no such clarification is needed, as the governing precedent is abundantly clear that Neder simply applied the standard Chapman harmless-error test. Neder, according to its plain text — and as reinforced by subsequent Supreme Court and First Circuit decisions — neither added additional elements (i.e., “uncontested” and “overwhelming evidence”) to the standard Chapman test nor supplanted it with a new harmless-error test for some subset of cases.
While Judge Lipez’s view of Neder is not strictly impossible, such an interpretation is exceedingly strained and finds scant support in Neder itself, not to mention the numerous cases citing Neder over the past fifteen years. To the extent that there is inconsistency in the wake of Neder, his concurrence adds to the confusion by presenting the issue as a much closer question than it is. Under a more straightforward, faithful, and commonsense reading of Ned-er and our subsequent cases, there is very little — if any — inconsistency in our prior application of the constitutional harmless-error test for instructional errors.
I express no view here on whether Ned-er was rightly decided, or whether, as Judge Lipez suggests, the Supreme Court should reconsider its decision. Rather, I write only to attempt to accurately reflect the current state of the constitutional harmless-error test in the First Circuit, following the relevant Supreme Court precedent. For constitutional errors like those in Neder and the instant case (“the failure to instruct on an element in violation of the right to a jury trial”), “the harmless-error inquiry [remains] essentially the same: Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?” Neder, 527 U.S. at 18, 119. S.Ct. *314 1827; see also id. at 19, 119 S.Ct. 1827 (“A reviewing court making this harmless-error inquiry ... asks whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.”).
I. The Supreme Court’s Constitutional Harmless-Error Test
According to the harmless-error rule under the Federal Rules of Criminal Procedure, “[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.” Fed. R.Crim.P. 52(a). In Chapman v. California, the Supreme Court articulated the standard harmless-error test for constitutional errors. Chapman, 386 U.S. at 24, 87 S.Ct. 824. To determine whether a constitutional error is harmless, a reviewing court asks whether it appears “beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.” Id.
Nearly two decades later, in Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986), the Supreme Court reaffirmed the Chapman harmless-error rule. Id. at 681, 106 S.Ct. 1431 (“Since Chapman, we have repeatedly reaffirmed the principle that an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.”). The Court explained that “[t]he harmless-error doctrine recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant’s guilt or innocence, and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error.” Id. (internal citation omitted). “As we have stressed on more than one occasion, the Constitution entitles a criminal defendant to a fair trial, not a perfect one.” Id.
Shortly after Van Arsdall was decided, in Rose v. Clark, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), the Supreme Court cautioned that a “harmless-error analysis presumably would not apply if a court directed a verdict for the prosecution in a criminal trial by jury,” reasoning that “ ‘a trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict ... regardless of how overwhelmingly the evidence may point in that direction.’ ” Id. at 578, 106 S.Ct. 3101 (quoting United States v. Martin Linen Supply Co., 430 U.S. 564, 572-573, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)). The Court explained that when the Sixth Amendment right to a jury trial in serious criminal cases “is altogether denied, the State cannot contend that the deprivation was harmless because the evidence established the defendant’s guilt; the error in such a case is that the wrong entity judged the defendant guilty.” Id.
The Rose Court further “emphasized, however, that while there are some errors to which Chapman does not apply, they are the exception and not the rule.” Id. Therefore, “if the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other errors that may have occurred are subject to harmless-error analysis.” Id. at 579, 106 S.Ct. 3101. The Court explained that the “thrust” of constitutional rules for criminal trials “is to ensure that those trials lead to fair and correct judgments.” Id. “Where a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed.” Id. The Court reiterated that it has “repeatedly *315 stated” that a criminal defendant is entitled “ ‘to a fair trial, not a perfect one.’ ” Id. (quoting Van Arsdall, 475 U.S. at 681, 106 S.Ct. 1431).
To date, the Supreme Court has not overruled Chapman or changed the harmless-error test for constitutional errors. Rather, the Supreme Court has repeatedly reaffirmed the standard constitutional harmless-error test as articulated in Chapman. See, e.g., Premo v. Moore, 562 U.S. 115, 131 S.Ct. 733, 744, 178 L.Ed.2d 649 (2011); Rivera v. Illinois, 556 U.S. 148, 155-56, 129 S.Ct. 1446, 173 L.Ed.2d 320 (2009) (affirming a finding of harmless error when “it was clear beyond a reasonable doubt that a rational jury would have found [the defendant] guilty absent the error”) (internal quotation marks and citations omitted); Mitchell v. Esparza, 540 U.S. 12, 17-18, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003).
II. The Supreme Court’s Opinion in Neder
Ignoring the more recent - Supreme Court cases cited above, and the plethora of First Circuit cases holding otherwise, the other concurrence relies almost entirely on a single quote from Neder to justify its position that Neder created a new test to supplant the Chapman harmless-error test in certain circumstances. See Neder, 527 U.S. at 17, 119 S.Ct. 1827 (stating that a “jury verdict would have been the same absent” a failure to instruct on an element, “where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence”). Viewed out of context, it is possible that this quote could support Judge Lipez’s preferred interpretation. In its proper context, however, as further explained below, it is perfectly clear that this quote “was merely descriptive of the circumstances in Neder itself’ and was not “prescriptive for any finding of harmlessness where an element was omitted.” See ante, at 303. Nothing in Neder (or any subsequent Supreme Court case) suggests that this two-pronged test is necessary for a finding of harmlessness rather than merely sufficient for such a finding. Similarly, nowhere does Neder purport to establish a new constitutional harmless-error test to displace the standard Chapman test in certain circumstances.
The defendant in Neder had been tried for several violations of federal criminal fraud statutes. Neder, 527 U.S. at 4, 119 S.Ct. 1827. It was established that the district court erred in refusing to submit the materiality element of the tax fraud charges to the jury. See id. The Supreme Court granted certiorari to answer two questions: (1) whether materiality was an element of the relevant fraud statutes, and (2) “whether, and under what circumstances, the omission of an element from the judge’s charge to the jury can be harmless error.” Id. at 7, 119 S.Ct. 1827. The Court answered the first question in the affirmative, holding that materiality was an element of the relevant charges. Id. at 4, 119 S.Ct. 1827.
With respect to the second question, the Court held “that the harmless-error rule of Chapman v. California ” indeed applied to the district court’s error in omitting an element of the offense from the jury charges. Id. at 4, 119 S.Ct. 1827. The Court proceeded to examine in detail this type of constitutional instructional error, where the trial court itself makes a finding on an element of the offense rather than submitting that element for a jury determination. In so doing, the Neder court explicitly considered the argument that such an error is “ ‘structural,’ and thus subject to automatic reversal.” Id. at 8, 119 S.Ct. 1827 (quoting Johnson v. United *316 States, 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)); see also id. at 7, 119 S.Ct. 1827 (stating that structural errors “defy analysis by ‘harmless error’ standards”) (quoting Arizona v. Fulminante, 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302, (1991)); id. (observing that structural errors “are so intrinsically harmful as to require automatic reversal (i.e., ‘affect substantial rights’) without regard to their effect on the outcome” (quoting Fed.R.Crim.P. 52(a))).
However, the Court rejected this structural-error argument, observing that structural errors constitute only “a limited class of fundamental constitutional errors.” Id. The Court had previously “found an error to be ‘structural’ ... only in a ‘very limited class of cases,’ ” including: the complete denial of counsel, a biased trial judge, racial discrimination in the selection of the grand jury, the denial of self-representation at trial, the denial of a public trial, and a defective reasonable-doubt instruction. Id. at 8, 119 S.Ct. 1827 (quoting Johnson, 520 U.S. at 468, 117 S.Ct. 1544). It explained that those structural-error cases contain defects that “affect[] the framework within which the trial proceeds, rather than simply an error in the trial process itself.” Id. (quoting Fulminante, 499 U.S. at 310, 111 S.Ct. 1246). To be deemed structural errors, such defects must “infect the entire trial process, and necessarily render a trial fundamentally unfair.” Id. (internal quotation marks and citations omitted).
“The error at issue [in Neder ] — a jury instruction that omits an element of the offense — differs markedly from the [structural] constitutional violations ... found to defy harmless-error review.” Id. The Court clarified that “[u]nlike such defects as the complete deprivation of counsel or trial before a biased judge, an instruction that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.” Id. at 9, 119 S.Ct. 1827. Similarly, the Neder Court reasoned that omitting an element of the offense from the jury instructions will not “always render a trial unfair.” Id. To the contrary, despite the Neder trial judge’s failure to charge the jury on the materiality element, Neder’s trial was not “fundamentally unfair” because he “was tried before an impartial judge, under the correct standard of proof and with the assistance of counsel; [and] a fairly selected, impartial jury was instructed to consider all of the evidence and argument in respect to Neder’s defense against the tax charges.” Id.
For those reasons, the Neder Court “concluded that the omission of an element is an error that is subject to harmless-error analysis.” Id. at 15, 119 S.Ct. 1827. Conducting this analysis, in order to answer whether the omission of the materiality element in Neder was in fact harmless, the Court explicitly turned to Chapman, in which it had previously “set forth the test for determining whether a constitutional error is harmless.” Id. (citing Chapman, 386 U.S. at 18, 87 S.Ct. 824). “That test ... is whether it appears ‘beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.’ ” Id. (quoting Chapman, 386 U.S. at 24, 87 S.Ct. 824). Comparing the failure to instruct on an element of the offense with other constitutional errors, the Neder Court concluded “that the harmless-error inquiry must be essentially the same: Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?” Id. at 18, 119 S.Ct. 1827.
Applying this test, after reviewing the record, the Court found that “[t]he evidence supporting materiality was so over *317 whelming, in fact, that Neder did not argue to the jury — and does not argue here — that his false statements of income could be found immaterial.” Id. at 16, 119 S.Ct. 1827. “In this situation, where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless.” Id. at 17, 119 S.Ct. 1827. Therefore, the Neder Court concluded that they “think it beyond cavil here that the error ‘did not contribute to the verdict obtained.’ ” Id. (quoting Chapman, 386 U.S. at 24, 87 S.Ct. 824).
The Neder Court further instructed that if, after conducting “a thorough examination of the record,” a reviewing “court cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error — for example, where the defendant contested the omitted element and raised evidence sufficient to support a contrary finding — it should not find the error harmless.” Id. at 19, 119 S.Ct. 1827. The Court explained that such a reviewing court, “in typical appellate-court fashion, asks whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.” Id.
III. Nothing in Neder Itself Mandates the Other Concurrence’s Approach
As is evident from the discussion above and a careful reading of Neder itself, the Neder Court did not replace the standard Chapman harmless-error test with a new, two-pronged test — that the omitted element must be both (1) “uncontested” and (2) supported by “overwhelming evidence” in order for an appellate court to find the instructional error to be harmless. Instead, the Neder Court explicitly and repeatedly referenced and applied the standard Chapman harmless-error test (whether it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty if it had been properly instructed on the omitted element), finding that test to be satisfied under the particular circumstances of the case.
No language in Neder suggests that the Supreme Court intended to create a new harmless-error test. Instead, Neder merely indicates that, in a particular factual situation where an omitted element was both uncontested and supported by overwhelming evidence, it was overdetermined that the error was harmless. Indeed, in context, the very language relied upon by the other concurrence supports this view:
In this situation, where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless. We think it beyond cavil here that the error “did not contribute to the verdict obtained.”
Neder, 527 U.S. at 17, 119 S.Ct. 1827 (quoting Chapman, 386 U.S. at 24, 87 S.Ct. 824) (emphases added). This quoted language strongly suggests that Neder’s discussion of “uncontested” was, in fact, merely descriptive of what happened in that case and was not a prescriptive mandate for every subsequent ease involving the omission of an, element. See Neder, 527 U.S. at 19, 119 S.Ct. 1827 (“In a case such as this one.... ”). The second sentence in the block quote above demonstrates that the Neder Court continued to refer back to the standard Chapman test, finding that test to be overwhelmingly satisfied in the particular factual circumstances (i.e., “uncontested and supported *318 by overwhelming evidence”) involved in Neder.
In fact, Neder’s own language makes clear that it did not intend to establish a new harmless-error test for the omission of an element from the jury instructions. Neder states that for various constitutional errors — including “the failure to instruct on an element in violation of the right to a jury trial” — “the harmless-error inquiry must be essentially the same: Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?” Neder, 527 U.S. at 18, 119 S.Ct. 1827. Finally, the Neder Court concluded its harmless-error discussion by referring once more to the Chapman test: “A reviewing court making this harmless-error inquiry ... asks whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.” Id. at 19, 119 S.Ct. 1827. Therefore, nothing in Neder supports, much less compels, a conclusion that the Supreme Court intended to supplant the standard Chapman harmless-error test with a new, mandatory, exclusive, two-pronged test (in which an omitted element must be both “uncontested” and “supported by overwhelming evidence”) for cases in which the jury instructions erroneously omitted .an element of the offense.
IV. The Importance of the Word “and”: Language in Neder Contradicts the Other Concurrence’s Interpretation
The other concurrence relies heavily on one small word in Neder: the conjunction “and” that joins “uncontested” and “supported by overwhelming evidence.” See ante, at 303 (“Neder expressly states that a ‘jury verdict would have been the same absent’ a failure to instruct on an element, ‘where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence.’ ” (quoting Neder, 527 U.S. at 17, 119 S.Ct. 1827) (emphasis supplied in Judge Lipez’s concurrence)); id. at 54, 119 S.Ct. 1827 (arguing that the Neder “majority adopted the ‘uncontested and ... overwhelming evidence’ formulation for analyzing whether ... the error was harmless” (quoting Neder, 527 U.S. at 17, 119 S.Ct. 1827) (emphasis supplied in Judge Lipez’s concurrence)). Relying on this quoted language from Neder, and emphasizing the word “and” that joins the two factors, Judge Lipez concludes that “the Court in Neder intentionally prescribed the two-pronged inquiry requiring consideration of whether the omitted element was uncontested and whether the record contained overwhelming evidence of that element, and only when both prongs are met can a reviewing court” find harmless error. Id. at 55, 119 S.Ct. 1827 (emphasis in original). Judge Lipez thus urges that, in this context, we must assign significant weight to the word “and.” Consistent with this view, the Neder Court’s choice of the conjunctive “and” — as opposed to the disjunctive “or” — means that both conditions must be satisfied in order to draw the resulting conclusion.
Assigning this same weight to a parallel construction elsewhere in Neder, however, directly contradicts Judge Lipez’s interpretation. In addition to describing a circumstance when an omitted-element error is harmless, Neder also specified when such an error is not harmless:
Of course, safeguarding the jury guarantee will often require that a reviewing court conduct a thorough examination of the record. If, at the end of that examination, the court cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error — for example, where the defendant contested the omitted element and *319 raised evidence sufficient to support a contrary finding — it should not find the error harmless.
Neder, 527 U.S. at 19, 119 S.Ct. 1827 (emphasis added). Applying the other concurrence’s logic to this quote yields the following conclusion: in order for a reviewing court to determine that the error was not harmless, the omitted element must be both contested and not supported by overwhelming evidence.
If both Neder “prongs” (uncontested and overwhelming evidence) were necessary for a finding of harmless error — as argued by the other concurrence — then a failure of either prong would be sufficient to find the error not harmless. If the Supreme Court intended such a result, we might expect it to have used the disjunctive “or” instead of the conjunctive “and” emphasized in the block quote above. However, the Neder Court only specified that reviewing courts should not find errors harmless when the defendant (1) contested the omitted element and (2) raised evidence to support a contrary finding. Id. Therefore, the principal textual support for the other concurrence’s reading of Neder is at the very least undermined, and perhaps negated, by closely related, parallel language elsewhere in Neder itself.
V. Whether the Two-Pronged Neder Inquiry Is Necessary, or Merely Sufficient, for a Finding of Harmlessness
I read Neder as simply describing a particular circumstance (when an omitted element is both “uneontested” and supported by “overwhelming evidence”) that happens to be sufficient to meet the well-established Chapman harmless-error test — whether it is “clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error[.]” Neder, 527 U.S. at 18, 119 S.Ct. 1827. In my view, Neder-type errors— where an omitted element is both uncontested and supported by overwhelming evidence — are merely a subset of the universe of harmless errors. In other words, all Neder-type errors may be harmless errors, but not all harmless instructional errors must be Neder-type errors.
In contrast, the other concurrence erroneously takes one example of a certain circumstance qualifying as a harmless error — when the omitted element was both uncontested and supported by overwhelming evidence — and attempts to substitute that specific circumstance for the general test itself. Under this view, the new test supplants the old. In support of this position, the other concurrence references only one formulation of the harmless-error test, and posits that this particular formulation is both mandatory and exclusive. Compare ante, at 309 (“In Neder, where the Court confronted the outright omission of an element, the majority adopted the ‘uncontested and ... overwhelming evidence’ formulation for analyzing whether ... the error was harmless.” (quoting Neder, 527 U.S. at 17, 119 S.Ct. 1827) (emphasis supplied in Judge Lipez’s concurrence)), with Neder, 527 U.S. at 17, 119 S.Ct. 1827 (“[Wjhere a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless.”). Yet this is not even the sole formulation of the harmless-error test in Neder itself. See Neder, 527 U.S. at 18, 119 S.Ct. 1827 (stating that for various constitutional errors— including “the failure to instruct on an element in violation of the right to a jury trial” — “the harmless-error inquiry musf be essentially the same: Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty ab *320 sent the error?”); see also id. at 19, 119 S.Ct. 1827 (“A reviewing court making this harmless-error inquiry.... asks whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.”).
Moreover, the other concurrence’s transformation of the quoted language from Neder into a two-pronged test, in which both prongs must be satisfied, also commits an error of logic even if based solely upon the Neder quote itself. The conditional statement from Neder can be summarized: “If A [uncontested] and B [overwhelming evidence], then C [harmless error].” I agree that in Neder, both conditions (A and B) were sufficient to establish harmless error. However, nothing in Neder mandates that both conditions are necessary to establish harmless error.
The other concurrence, however, misreads this statement from Neder as “if— and only if — -both A [uncontested] and B [overwhelming evidence], then C [harmless error].” Such an interpretation is contrary both to the other articulations of the test in Neder itself and to the presentation of the test in subsequent cases. Reading Neder in context, I am convinced that the Court did not create a new harmless-error test, but instead simply applied the traditional test, reasoning that in the particular circumstances presented in that case, both A and B happened to be satisfied. The other concurrence recognizes this very possibility. See ante, at 303 (“Neder, however, did not unequivocally answer whether its two-part formulation for finding an omitted element harmless in Neder’s case ... was merely descriptive of the circumstances in Neder itself or also prescriptive for any finding of harmlessness where an element was omitted.”). As indicated herein and in the appendix, the overwhelming weight of authorities support the view that Neder’s discussion of “uncontested” was, in fact, “merely descriptive” of what happened in that case and was not a “prescriptive” mandate of a new test for every subsequent case.
VI. Alleyne Errors Are Not Structural Errors
The other concurrence’s approach in effect subjects a subset of instructional-error cases to structural error, in contravention of the Supreme Court’s mandate that harmless-error review — and not structural error — applies to such cases. The Supreme Court has stated that most constitutional errors are subject to harmless-error review, and that only in rare cases will they be deemed structural errors requiring automatic reversal. See, e.g., Washington v. Recuenco, 548 U.S. 212, 222, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) (holding that preserved Apprendi/Blakely error— like the failure to submit an element to the jury in Neder — is not structural error and is instead subject to harmless-error review); United States v. Cotton, 535 U.S. 625, 631-32, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (applying plain-error review to an unpreserved Apprendi error, and refusing to accept the defendants’ invitation to treat the error as structural). We have previously held that “there would appear to be no basis for finding Alleyne error to be one of those rare cases to which harmless-error review does not apply.” United States v. Harakaly, 734 F.3d 88, 95 (1st Cir.2013).
The other concurrence erroneously suggests that if a defendant “contests” the omitted element in any way, then such an error cannot be harmless. # Indeed, the other concurrence “recognizefs] that this conclusion means that, in cases involving pre-Alleyne trials on direct appeal, a defendant would almost always be able to contest drug quantity and avoid a finding of harmless error.” See ante, at 311. It *321 argues that “[o]n appeal, or in resentencing proceedings before the district court— if that is where the government first asserts harmless error — the defendant would only have to make an argument that could, as a theoretical matter under the law, negate the omitted element.” Id.
Such a conclusion would declaw the harmless-error doctrine in this context and transform an Alleyne error into de facto structural error, despite the Supreme Court and First Circuit cases requiring the application of a harmless-error standard to Apprendi/Alleyne errors. See, e.g., Recuenco, 548 U.S. at 222, 126 S.Ct. 2546; Cotton, 535 U.S. at 631-32, 122 S.Ct. 1781; Harakaly, 734 F.3d at 95-97; Pérez-Ruiz, 353 F.3d at 17-20. Nor is this concern obviated by the fact that some conviction remains intact (on the lesser-included offense). In such cases, a conviction is nonetheless vacated on the greater offense, which would be otherwise valid but for “ ‘small errors or defects that have little, if any, likelihood of having changed the result of the trial.’ ” See Neder, 527 U.S. at 19, 119 S.Ct. 1827 (quoting Chapman, 386 U.S. at 22, 87 S.Ct. 824). The other concurrence does not establish that preserving merely a lesser-included offense conviction completely satisfies this concern.
Let us consider a hypothetical case in which (a) the reviewing court concludes beyond a reasonable doubt that the jury verdict would have been the same absent the error (had the jury been instructed on the omitted element), but (b) the defendant nonetheless had contested the omitted element in some way. Under my view of Neder and subsequent Supreme Court and First Circuit precedent, the resolution of (a) ends the inquiry: if the reviewing court is convinced beyond a reasonable doubt that the jury verdict would have been the same absent the error, then there is no need to consider question (b). In contrast, Judge Lipez’s suggested approach wpuld reverse the defendant’s conviction in such a case, reasoning that there is no need to consider question (a). In my view, such an approach is akin, if not functionally equivalent, to structural error: the reviewing court would reverse the conviction even if the error had no effect on the jury’s verdict. Controlling precedent does not permit such a result, ás the Supreme Court has explicitly instructed that Alleyne errors are not structural. See, e.g., Recuenco, 548 U.S. at 222, 126 S.Ct. 2546; Cotton, 535 U.S. at 631-32, 122 S.Ct. 1781. Therefore, the Supreme Court’s instruction that harmless error — and not structural error — applies to the type of instructional error at issue here and in Neder also counsels against the other concurrence’s interpretation.
VII. The Eleventh Circuit’s Ultimate Resolution of Neder on Remand
Additionally, the decision of the Eleventh Circuit on remand in Neder provides further support for my view, and it explicitly rejects the new two-pronged test proposed by Judge Lipez. After the Supreme Court remanded Neder’s case to the Eleventh Circuit for reconsideration, the Eleventh Circuit affirmed Neder’s convictions, concluding that the district court’s failure to instruct on the materiality element was harmless error. United States v. Neder, 197 F.3d 1122, 1124 (11th Cir.1999). On remand, Neder-similarly to Judge Lipez’s approach here — argued that.“the Supreme Court held that the failure to instruct on materiality can never be harmless error unless the Government shows both that Neder never contested materiality and that the evidence overwhelmingly supports the materiality of every charged falsehood.” Id. at 1129 (emphases added). The Eleventh Circuit resoundingly rejected that argument:
*322 However, the Supreme Court did not hold that omission of an element can never be harmless error unless uncontested. Indeed, the Supreme Court emphasized that the correct focus of harmless-error analysis is: “Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?” Stated another way, the focus is whether “the jury verdict would have been the same absent the error” or “whether the record contains evidence that could rationally lead to a contrary finding with respect to [materiality].” Thus, whether Neder contested materiality may be considered but is not the pivotal concern. Instead, what the evidence showed regarding materiality is the touchstone. Indeed, as outlined in the following, more specific discussion relating to the counts at issue, the Government’s evidence of materiality for each of these bank, mail, and wire fraud counts is overwhelming.
Id. (emphases added) (footnote and internal citations omitted). The Eleventh Circuit further explained that “[u]nder harmless-error analysis,.... the Government must show that the evidence of materiality is so overwhelming ... that no rational jury, properly instructed on the element of materiality, could have acquitted Neder on that count.” Id.
In a footnote, the Eleventh Circuit further considered Neder’s argument — predicated upon the same Neder language relied upon by Judge Lipez here — that the omitted element must be uncontested for a finding of harmlessness. Id. at 1129 n. 6. The court reasoned that “[t]he language from the Supreme Court’s opinion that Neder cites to support his argument on this point is taken out of context.” Id.
“Considered in context, the Supreme Court’s statement clearly does not mean that omission of an element of an offense can never be harmless error unless uncontested.” Id. “The statement” — that the error is harmless because “ ‘the omitted element was uncontested and supported by overwhelming evidence’ ” — “means only that the fact materiality was not contested supports the conclusion that the jury’s verdict would have been the same absent the error.” Id. (quoting Neder, 527 U.S. at 17, 119 S.Ct. 1827). Therefore, the Eleventh Circuit’s resolution of the Neder case on remand strongly militates against the other concurrence’s reading of the Supreme Court’s opinion in Neder.
VIII. Post-Neder Application of the Harmless-Error Test
A. Supreme Court
No post-Neder Supreme Court case supports the other concurrence’s gloss on Neder. Rather, every subsequent Supreme Court case citing Neder reinforces the primacy of the standard Chapman harmless-error test. See, e.g., Premo, 131 S.Ct. at 744 (“[0]n direct review following an acknowledged constitutional error at trial,” the government h.as “the burden of showing that it was ‘clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.’ ” (quoting Neder, 527 U.S. at 18, 119 S.Ct. 1827)); Mitchell, 540 U.S. at 17-18, 124 S.Ct. 7 (“A constitutional error is harmless when ‘it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.’ ” (quoting Neder, 527 U.S. at 15, 119 S.Ct. 1827)).
B. First Circuit
Judge Lipez’s preferred interpretation of Neder is not faithful to a fair reading of the overwhelming weight of our precedent. Indeed, he fails to identify a single First Circuit case that explicitly endorses his *323 understanding of Neder. By contrast, the post-Neder First Circuit cases reaffirming the standard Chcupman harmless-error test are overwhelming in number. Indeed, they are so numerous that cataloguing them proved prohibitively time-consuming. In the appendix to this concurrence, I have provided eighteen examples of such First Circuit eases, including six cases from 2014 alone. See, e.g., United States v. Ramírez-Negrón, 751 F.3d 42, 51 n. 8 (1st Cir.2014) (stating than an Alleyne error would be harmless beyond a reasonable doubt if “no reasonable jury could have found that the defendants were responsible for drug quantities below the respective thresholds triggering the mandatory minimum sentences”).
“A panel of this court is normally bound to follow an earlier panel decision that is closely on point, unless an exception exists to the principles of stare decisis.” United States v. Rodríguez-Pacheco, 475 F.3d 434, 441 (1st Cir.2007). Judge Lipez’s view — that Neder replaced the Chapman harmless-error test with a two-pronged test for harmlessness where the jury was not instructed on an element of the crime — is not consistent with binding First Circuit precedent, including cases authored or joined by all three judges on the instant panel. Some of these cases are included in the appendix at the end of this concurrence.
This past June, for example, we held that “instructional error, including omission of an element, is harmless if it is clear beyond a reasonable doubt that a rational jury would have found guilt absent the error.” United States v. Marshall, 753 F.3d 341, 346 (1st Cir.2014) (emphasis added). Although the defendant in Marshall technically contested proof of an element of the offense, we nonetheless concluded that the error was harmless because “[t]here is no reasonable doubt that a rational fact-finder would have found Marshall guilty of’ the disputed element. Id.
We applied the same test in United States v. Newell, 658 F.3d 1 (1st Cir.2011), a unanimous opinion joined by Judge Lipez. In Newell, we stated that “the failure to instruct the jury on [an omitted element] is subject to harmless error review,” which “requires ascertaining “whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.’ ” Id. at 17 n. 19 (quoting Neder, 527 U.S. at 15, 119 S.Ct. 1827).. Applying that test, we held that “even if the district court erred in not giving the requested materiality instruction ... that error was harmless as the evidence of materiality was more than sufficient to support the convictions under this standard.” Id.
Citing Newell and Neder, we applied like reasoning to arrive at a similar holding in United States v. McDonough, 727 F.3d 143, 161-62 (1st Cir.2013). The unanimous McDonough panel, including Judge Lipez, concluded that-assuming that the district court refused to instruct the jury on a required element — “the evidence was [nonetheless] ‘more than sufficient to support the convictions.’ ” Id. at 162 (quoting Newell, 658 F.3d at 17 n. 19). On that basis, the panel was “confident that the same result would have obtained” if the jury had been properly instructed as to the allegedly omitted element. Id. Therefore, the panel held that any error was ultimately harmless. Id. at 161.
Other First Circuit cases further solidify the conclusion that Judge Lipez’s gloss on Neder is inconsistent with our precedent. See, e.g., United States v. Melvin, 730 F.3d 29, 39 (1st Cir.2013) (constitutional error “requires reversal unless the government proves ‘beyond a reasonable doubt that the error did not influence the verdict’ ”); United States v. Godin, 534 F.3d 51, 61 *324 (1st Cir.2008) (“When examining whether the omission of an element in a jury instruction is harmless error, we ask whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.” (internal quotation marks and citation omitted)); United States v. Morgan, 384 F.3d 1, 8 (1st Cir.2004) (Apprendi errors “should be held harmless so long as the evidence for' the trial judge’s factual findings is overwhelming and. no reasonable jury could have disagreed with them”); United States v. Soto-Beníquez, 356 F.3d 1, 46 (1st Cir.2003) (“An Apprendi error is harmless where the evidence overwhelmingly establishes the minimum drug quantity needed to justify the statutory maximum under which the defendants were sentenced.”). None of the preceding cases — nor any other First Circuit cases I have found — state that a reviewing court can never find the omission of an element to be harmless error simply because the defendant contested the omitted element in some way. Therefore, the other concurrence’s interpretation of Neder’s two-pronged inquiry finds little support in the existing precedent by which we are bound.
C. Lack of Support for the Other Concurrence’s Position
Neder was decided in June 1999. In the intervening fifteen years, Neder has been cited in over 3,600 cases. It is telling that the other concurrence fails to identify a single case that explicitly holds that its reading of Neder is correct. Judge Lipez has pointed to cases with language that might, at best, be consistent with his suggested approach. None of those cases are compelling, however, particularly in light of Supreme Court and First Circuit precedent and the examples listed in the appendix. Below, I review the cases relied upon by the other concurrence to support its view of Neder, concluding that these cases do little to demonstrate that Judge Lipez’s interpretation is correct.
1. First Circuit
The First Circuit cases cited by Judge Lipez as “inconsistent” in their application of Neder are easily reconciled with my view. Neder’s two factors (“uncontested” and “supported by overwhelming evidence”) are best understood as merely two reasons why the Neder Court concluded that the jury verdict was unaffected by the omission of the materiality element. It thus makes perfect sense that we sometimes emphasize whether a particular omitted element was contested (and to what degree), sometimes emphasize the strength of the evidence regarding the omitted element, sometimes discuss both, and sometimes examine other factors and reasons. In other words, the contested-oruneontested nature of the element, and the strength of the evidence supporting that element, both can serve evidentiary functions: they both can affect the ultimate determination whether it was “clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.” Neder, 527 U.S. at 18, 119 S.Ct. 1827. Applying this view to the First Circuit cases cited by the other concurrence, any apparent inconsistency melts away. In any event, as indicated by the non-exhaustive selection of cases in the appendix, the overwhelming weight of First Circuit cases support the conclusion that the standard Chapman harmless-error test applies to the omission of an element from jury instructions.
2. Other Circuit Courts of Appeals
The other concurrence cites cases from four circuit courts of appeals — the Second, Fourth, Ninth, and Eleventh Circuits — as examples of an inter-circuit conflict. See ante, at 305-07. Of those cases, however, *325 only the Ninth Circuit case might provide any sort of support for the other concurrence’s approach. Even that case, however, applied the standard Chapman test, reasoning that “the Apprendi error was, of course, a constitutional one,” and that the court “must therefore reverse unless we find beyond a reasonable doubt that the result would have been the same absent the error.” United States v. Guerrero-Jasso, 752 F.3d 1186, 1193 (9th Cir.2014) (internal quotation marks, alterations, and citations omitted). Furthermore, Guerrero-Jasso involved a guilty plea (and not a trial), and the evidence regarding the omitted element was introduced, for the first time, after the defendant’s conviction. Id. (“Where, as here, there was no trial but a guilty plea, and the evidence is introduced post-conviction by the government only to demonstrate harmlessness, it would fundamentally undermine the Apprendi protections to require the defendant affirmatively to present evidence to counter facts that were never properly established in accord with Apprendi in the first place.”). On that basis, the instant case — which involved overwhelming evidence presented at trial — is easily distinguishable from Guerrero-Jasso.
The Eleventh Circuit case cited by Judge Lipez was the Neder decision on remand, which, as described above, explicitly rejected the other concurrence’s approach. See Neder, 197 F.3d at 1129 (“[T]he Supreme Court did not hold that omission of an element can never be harmless error unless uncontested. Indeed, the Supreme Court emphasized that the correct focus of harmless-error analysis is: ‘Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?’ ” (citation omitted)). Furthermore, neither the Second Circuit nor the Fourth Circuit cases support the other concurrence’s mandatory, exclusive, two-pronged test. Recall that the other concurrence explicitly argues that Neder “requires that an omitted element be uncontested in order to be found harmless.”' See ante, at 304. In contrast, in both the Second and the Fourth Circuits, a finding that the omitted element is contested does not end the inquiry. Indeed, when an omitted element is contested, the Second Circuit goes on to ask: (1) whether the evidence would permit a finding in favor of the defendant on that element; and (2) “ ‘whether the jury would nonetheless have returned the same verdict of guilty.’ ” United States v. Needham, 604 F.3d 673, 679 (2d Cir.2010) (quoting United States v. Jackson, 196 F.3d 383, 386 (2d Cir.1999)). The Fourth Circuit conducts a similar inquiry: when an omitted element is contested, the reviewing court asks “whether the ‘record contains evidence that could rationally lead to a contrary finding'with respect to that omitted element.’ ” United States v. Brown, 202 F.3d 691, 701 (4th Cir.2000) (quoting Neder, 527 U.S. at 19, 119 S.Ct. 1827). The approaches of the Second and Fourth Circuits are thus consistent with my interpretation, and both refer back to the standard Chapman harmless-error test — whether the jury’s verdict would have been the same absent the error.
3. State Courts
In a section titled “Criticism in the State Courts,” the other concurrence cites three state-court decisions (from Mississippi, New Hampshire, and Indiana) that it implies undermine Neder in some way. Ante, at 307. Judge Lipez cites decisions by two state supreme courts (Mississippi and New Hampshire) to argue that “[several state supreme courts have held that their state constitutions provide a broader jury trial guarantee than Neder recognized in the federal Constitution.” Id. I do not question this assertion, but by its own *326 terms, it is entirely irrelevant to the question under consideration. The issue being debated does not involve interpretation of the Mississippi and New Hampshire state constitutions. As for the 2005 Indiana intermediate state court of appeals decision that suggested that Neder might be “short-lived,” see Freeze v. State, 827 N.E.2d 600, 605 (Ind.Ct.App.2005), I simply note that nine years have passed since the Indiana court’s statement, and fifteen years have passed since Neder was decided. The Indiana prediction may yet be revealed as prescient, but for the moment, its prophesy has little bearing on the current state of the controlling precedent.
IX. Conclusion
Contrary to the position taken in the other concurrence, I have not encountered any “significant inconsistency” in First Circuit cases applying the harmless-error test. Under a proper application of the governing precedent, the First Circuit cases identified by the other concurrence as “inconsistent” are rather almost entirely consistent with the correct interpretation of Neder and its progeny. To the extent that any of those cases are inconsistent with the standard Chapman harmless-error test, they represent a very small minority: the oyerwhelming weight of the controlling Supreme Court and First Circuit cases militate against the other concurrence’s creative interpretation of a few isolated statements in Neder. In the absence of a Supreme Court ruling overruling Neder, any such “inconsistency” is' properly resolved against the interpretation proposed in the other concurrence.
As stated by the Supreme Court in Ned-er itself, and as reinforced by subsequent Supreme Court and First Circuit cases, “the test for determining whether a constitutional error is harmless” remains the standard test articulated in Chapman: “whether it appears ‘beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.’ ” Neder, 527 U.S. at 15, 119 S.Ct. 1827 (quoting Chapman, 386 U.S. at 24, 87 S.Ct. 824); see also Premo, 131 S.Ct. at 744 (“[0]n direct review following an acknowledged constitutional error at trial,” the government has “the burden of showing that it was ‘clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.’ ” (quoting Neder, 527 U.S. at 18, 119 S.Ct. 1827)); Mitchell, 540 U.S. at 17-18, 124 S.Ct. 7 (same).
X. Appendix: Examples of Supreme Court, First Circuit, and Other Circuit Court Cases Discussing the Constitutional Harmless-Error Test
For the reader’s reference and convenience, below is a non-exhaustive list of thirty relevant cases — from the Supreme Court, First Circuit, and other circuit courts of appeal — that discuss the constitutional harmless-error test and support the standard test as articulated in Chapman:
A. Supreme Court Cases
1. Premo v. Moore, 562 U.S. 115, 131 S.Ct. 733, 744, 178 L.Ed.2d 649 (2011) (“[0]n direct review following an acknowledged constitutional error at trial,” the government has “the burden of showing that it was ‘clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.’ ” (quoting Neder, 527 U.S. at 18, 119 S.Ct. 1827)).
2. Rivera v. Illinois, 556 U.S. 148, 155-56, 129 S.Ct. 1446, 173 L.Ed.2d 320 (2009) (affirming the Illinois Supreme Court’s finding of harmless error regarding the improper denial of a peremptory challenge, when “it was clear beyond a reasonable doubt that a rational jury would have *327 found [Rivera] guilty absent the error” and the challenged juror’s “presence on the jury did not prejudice Rivera because any rational trier of fact would have found [Rivera] guilty of murder on the evidence adduced at trial” (internal quotation marks and citations omitted)).
3. Washington v. Recuenco, 548 U.S. 212, 222, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) (“Failure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error.”).
4. Mitchell v. Esparza, 540 U.S. 12, 17-18, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003) (“A constitutional error is harmless when ‘it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.’ ” (quoting Neder, 527 U.S. at 15, 119 S.Ct. 1827)).
5. Neder v. United States, 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (stating that for various constitutional errors — including “the failure to instruct on an element in violation of the right to a jury trial” — “the harmless-error inquiry must be essentially the same: Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?”); id. at 15, 119 S.Ct. 1827 (articulating the standard constitutional harmless-error test as “whether it appears ‘beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained’ ” (quoting Chapman, 386 U.S. at 24, 87 S.Ct. 824)); id. at 19, 119 S.Ct. 1827 (“A reviewing court making this harmless-error inquiry.... asks whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.”).
6. Delaware v. Van Arsdall, 475 U.S. 673, 681, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (“[A]n otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt.”).
7. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (“requiring the beneficiary of a constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained”).
B. First Circuit Cases
1. United States v. Barnes, 769 F.3d 94, 98 n. 5 (1st Cir.2014) (“An Alleyne error can be harmless if ‘no reasonable jury’ — hearing the same evidence that the sentencing judge heard — could hold the defendant responsible for a drug amount ‘below the ... threshold [ ] triggering the mandatory minimum[ ].’ ” (quoting Ramírez-Negrón, 751 F.3d at 51 n. 8)); id. at 99 (stating that our “stiff test” for harmless error is whether the government has “prove[n] beyond a reasonable doubt that the error did not ‘contribute’ to the complained-about sentence” (quoting Pérez-Ruiz, 353 F.3d at 17)).
2. United States v. Santiago, 769 F.3d 1, 11 (1st Cir.2014) (stating that to determine whether a constitutional error is harmless, “the government has the burden of proving beyond a reasonable doubt that the error did not affect the defendant’s substantial rights” (quoting United States v. Sepúlveda-Contreras, 466 F.3d 166, 171 (1st Cir.2006))).
3. United States v. Marshall, 753 F.3d 341, 346 (1st Cir.2014) (“[A]ny error was harmless when assessed under the standard that instructional error, including omission of an element, is harmless if it is clear beyond a reasonable doubt that a rational jury would have found guilt absent the error.”).
4. Connolly v. Roden, 752 F.3d 505, 509 (1st Cir.2014) (“In 1967, the Supreme *328 Court in Chapman v. California articulated the constitutional harmless error standard, which provides that, on direct appellate review, an error at trial affecting the defendant’s constitutional rights will be deemed harmless only if it can be shown to be harmless beyond a reasonable doubt.” (quoting Chapman, 386 U.S. at 24, 87 S.Ct. 824)).
5. United States v. Ramírez-Negrón, 751 F.3d 42, 51 n. 8 (1st Cir.2014) (stating than an Alleyne error would be harmless beyond a reasonable doubt if “no reasonable jury could have found that the defendant's were responsible for drug quantities below the respective thresholds triggering the mandatory minimum sentences”).
6. United States v. Lyons, 740 F.3d 702, 714 (1st Cir.2014) (“Where a jury is properly instructed on two theories of guilt, one of which is later determined to be invalid, we- can affirm the conviction only if we conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error.” (citations and internal quotation marks omitted)).
7. United States v. Harakaly, 734 F.3d 88, 95 (1st Cir.2013) (“In drug-trafficking cases involving Apprendi errors, we sometimes have treated the presence of overwhelming evidence of the requisite drug types and quantities as a proxy for harmlessness.” (emphases added) (quoting Pérez-Ruiz, 353 F.3d at 18)); id. (finding harmless error when the defendant did “not seriously contest the finding that he was responsible for more than” the threshold quantity) (emphasis added); id. at 96 (finding the drug-quantity evidence to be overwhelming when “[t]he delivery that the police intercepted, taken alone, was nearly four times the triggering amount,” and when the defendant himself “acknowledged responsibility for a quantity of drugs that far exceeded] the triggering amount”).
8. United States v. Melvin, 730 F.3d 29, 39 (1st Cir.2013) (the harmless-error test for a constitutional error “requires reversal unless the government proves ‘beyond a reasonable doubt that the error did not influence the verdict’ ”) (quoting United States v. Sasso, 695 F.3d 25, 29 (1st Cir.2012)).
9. United States v. McDonough, 727 F.3d 143, 157 (1st Cir.2013) (unanimous opinion, which Judge Lipez joined in full) (“[A]n incorrect instruction does not require reversal if the error was harmless. In the case of an error of ‘constitutional dimension,’ the government is required to establish beyond a reasonable doubt that the error did not influence the verdict.” (internal citation omitted)); id. at 162 (“[Assuming that [the district court refused to instruct the jury on] a required element, the evidence was more than sufficient to support the convictions.... [Thus,] we are confident that the same result would have obtained if [the jury was properly instructed].”) (citations and internal quotation marks omitted).
10. United States v. Zhen Zhou Wu, 711 F.3d 1, 20 (1st Cir.2013) (“In any event, given the [conflicting evidence] on this very matter, we cannot ‘conclude[] beyond a reasonable doubt ... that the jury verdict would have been the same absent the error.’” (quoting Neder, 527 U.S. at 17, 119 S.Ct. 1827)).
11. United States v. Green, 698 F.3d 48, 53-54 (1st Cir.2012) (finding a constitutional error to be harmless after cpncluding “beyond a reasonable doubt that any error here did not contribute to the verdict”).
12. United States v. Newell, 658 F.3d 1, 17 n. 19 (1st Cir.2011) (unanimous opinion, which Judge Lipez joined in full) (“[T]he failure to instruct the jury on [an omitted element] is subject to- harmless *329 error review,” which “requires ascertaining “whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.’” (quoting Neder, 527 U.S. at 15, 119 S.Ct. 1827)); id. . (“[E]ven if the district court erred in not giving the requested materiality instruction ... that error was harmless as the evidence of materiality was more than sufficient to support the convictions under this standard.”).
13. United States v. Dancy, 640 F.3d 455, 468 (1st Cir.2011) (“Any error is harmless if the government shows it is ‘highly probable that the error did not influence the verdict.’ ”) (quoting United States v. Flores-de-Jesús, 569 F.3d 8, 27 (1st Cir.2009)).
14. United States v. Godin, 534 F.3d 51, 61 (1st Cir.2008) (“When examining whether the omission of an element in a jury instruction is harmless error, we ask whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.” (internal quotation marks omitted)).
15. United States v. Morgan, 384 F.3d 1, 8 (1st Cir.2004) (stating that Apprendi errors “should be held harmless so long as the evidence for the trial judge’s factual findings is overwhelming and no reasonable jury could have disagreed with them”).
16. United States v. Soto-Beníquez, 356 F.3d 1, 46 (1st Cir.2003) (“An Apprendi error is harmless where the evidence overwhelmingly establishes the minimum drug quantity needed to justify the statutory maximum under which the defendants were sentenced.”).
17. United States v. Pérez-Ruiz, 353 F.3d 1, 17 (1st Cir.2003) (“[W]hen a nonstructural error is of constitutional dimension[,].... the government must prove that the error was harmless beyond a reasonable doubt, or, put another way, that it can fairly be said beyond any reasonable doubt that the assigned error did not contribute to the result of which the appellant complains.”); id. at 19 (citing cases finding harmless error due to “overwhelming evidence of drug type and quantity” when there was “testimony describing quantities of drugs actually seized from coconspirators” or “the evidence tying the defendant to the charged conspiracy involved drugs that were indisputably in excess of the requisite amounts”).
18.United States v. Prigmore, 243 F.3d 1, 21 (1st Cir.2001) (articulating the Neder harmless-error test as whether it is “ ‘clear beyond a reasonable doubt that a rational jury would have found’ defendants guilty even if properly instructed” (quoting Neder, 527 U.S. at 18, 119 S.Ct. 1827)); id. at 21 n. 7 (noting that the Chapman test applies to appellate review of constitutional errors) (citing Chapman, 386 U.S. at 24, 87 S.Ct. 824); id. at 22 (“We do not believe, however, that the evidence is so one-sided as to render harmless the underlying instructional error we have identified. Unlike the government, we do not see this as a case, like Neder, where it is far-fetched to conclude that a properly instructed jury might have returned different verdicts than those returned.”).
C. Cases from Other Circuits
1. United States v. Ramos-Cruz, 667 F.3d 487, 496 (4th Cir.2012) (“[I]f the defendant contested the omitted element, we ask whether the record contains evidence that could- rationally lead to a contrary finding with respect to that omitted element.”) (internal quotation marks omitted).
2. United States v. Needham, 604 F.3d 673, 679 (2d Cir.2010) (“In United States v. Jackson, 196 F.3d 383, 386-87 (2d Cir.1999), we interpreted'the Supreme Court’s decision in Neder, describing the analysis a *330 reviewing court must undertake 'to determine whether the omission of an element was harmless. In so doing, we held that ‘if the evidence supporting the omitted element was controverted, harmless error analysis requires the appellate court to conduct a two-part inquiry, searching the record in order to determine (a) whether there was sufficient evidence to permit a jury to find in favor of the defendant on the omitted element, and, if there was, (b) whether the jury would nonetheless have returned the same verdict of guilty.’” (quoting Jackson, 196 F.3d at 386)).
3. United States v. Korey, 472 F.3d 89, 96-97 (3d Cir.2007) (“While holding that this jury instruction as to the defendant’s state of mind was in error, we observed that ‘[a] verdict may still stand, despite erroneous jury instructions, where the predicate facts conclusively establish intent, so that no rational jury could find that the defendant committed the relevant criminal act but did not intend to cause the injury.’ ” (quoting Whitney v. Horn, 280 F.3d 240, 260 (3d Cir.2002)) (internal quotation marks omitted)).
4. United States v. Brown, 202 F.3d 691, 701 (4th Cir.2000) (“[I]f the defendant contested the omitted element, Neder mandates a second inquiry. In that event, we must determine whether the ‘record contains evidence that could rationally lead to a contrary finding with respect to that omitted element.’ ” (quoting Neder, 527 U.S. at 19, 119 S.Ct. 1827)).
5. United States v. Neder, 197 F.3d 1122, 1129 (11th Cir.1999) (considering the Supreme Court’s Neder decision on remand, and stating that “the Supreme Court did not hold that omission of an element can never be harmless error unless uncontested. Indeed, the Supreme Court emphasized that" the correct focus of harmless-error analysis is: ‘Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?’ ” (citation omitted)); id. (“Thus, whether Neder contested materiality may be considered but is not the pivotal concern. Instead, what the evidence showed regarding materiality is the touchstone.”); id. at 1129 n. 6 (“Considered in context, the Supreme Court’s statement clearly does not mean that omission of an element of an offense can never be harmless error unless uncontested.”); id. (“The statement” — that the error is harmless because “ ‘the omitted element was uncontested and supported by overwhelming evidence’ ” — “means only that the fact materiality was not contested supports the conclusion that the jury’s verdict would have been the same absent the error.” (citations omitted)).