# United States Court of Appeals
## For the First Circuit

No. 14-1368

UNITED STATES OF AMERICA,

Appellee,

v.

JAN CARLO OQUENDO-GARCIA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Howard, Lipez and Thompson,
Circuit Judges.

Raymond Rivera Esteves on brief for appellant.
Rosa Emilia Rodriguez-Velez, United States Attorney, Nelson Perez-Sosa, Assistant United States Attorney, Chief, Appellate Division and Carmen M. Marquez-Marín, Assistant United States Attorney, on brief for appellee.

April 9, 2015

**HOWARD**, **Circuit Judge**.  Jan Carlo Oquendo-Garcia appeals his above-guidelines sentence for aiding and abetting the possession of a rifle in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A).  He argues that the court imposed an 84-month incarcerative sentence in violation of Fed. R. Crim. P. 32(h) and that the sentence was substantively unreasonable.  Finding no errors, we affirm.

Following a routine vehicle stop which escalated into a police pursuit, law enforcement officers arrested Oquendo-Garcia and Joshua Molina-Velazquez.  Searches of their persons, the vehicle, and the surrounding area yielded drugs, guns, ammunition, and cash.  As a result, the government charged both individuals with possessing marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), and possessing a rifle in furtherance of that drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A).  Oquendo-Garcia pled guilty to the gun offense, and the government dismissed the drug count.  Molina-Velazquez pled guilty to both.

As a result of his plea, Oquendo-Garcia faced a statutory mandatory minimum sentence of 60 months in prison. § 924(C)(1)(a)(i).  Section 2K2.4(b) of the Sentencing Guidelines adopts that mandatory minimum as the recommended guidelines sentence, and the probation department applied it in Oquendo-Garcia's pre-sentence report.  Nonetheless, the district court determined that an 84-month sentence was more appropriate, given

Oquendo-Garcia's extensive criminal history. Oquendo-Garcia immediately moved for reconsideration, which the district court denied. He then timely filed this appeal.

When appropriate, we apply a two-step test to evaluate the reasonableness of a criminal sentence. United States v. Politano, 522 F.3d 69, 72 (1st Cir. 2008). First, we consider whether the district court committed any procedural missteps when imposing the sentence. Id. Then, we ask whether the sentence was substantively reasonable. Id. Oquendo-Garcia presents arguments at both steps.

Initially, Oquendo-Garcia asserts that the district court departed from the sentencing guidelines, without first providing him with the required notice. See Fed. R. Crim. P. 32(h) (noting that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure"). He acknowledges that plain error applies to this claim and that he must therefore show an error that "was clear or obvious, and that it both affected his substantial rights and seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Ramos-González, 775 F.3d 483, 499 (1st Cir. 2015) (citation and internal quotation marks omitted).

To establish an error, he points to Application Note 2 of U.S.S.G. § 2K2.4(b) which says, "[A] sentence above the minimum term required by 18 U.S.C. § 924(c) . . . is an upward departure from the guideline sentence . . . [which] may be warranted, for example, to reflect the seriousness of the defendant's criminal history." Accordingly, he believes that the court's increase here was, by definition, a departure.

Oquendo-Garcia's claim turns on whether the court departed or varied from the guidelines, as Rule 32(h) notice is only required for the former. Irizarry v. United States, 553 U.S. 708, 716 (2008). As we have noted, "departure" has a technical meaning in the sentencing context; it refers to specific deviations imposed in accordance with a statute or a specific guidelines provision. United States v. Vega-Santiago, 519 F.3d 1, 3 (1st Cir. 2008) (en banc). Variances, meanwhile, exist as a result of the advisory nature of the guidelines. They permit the district court, "after calculating the guideline sentence (including any departure), to impose a different sentence based on the broader criteria identified in the statute." Id. We will treat a "sentence above [a] statutory mandatory minimum [under section 924(c)] as an upward variance," United States v. Rivera-González, 776 F.3d 45, 49 (1st Cir. 2015), absent some indication in "the sentencing record [which] persuades us that the district court

intended to or in fact applied an upward departure," see United States v. Aponte-Vellón, 754 F.3d 89, 93 (1st Cir. 2014).

Here, the sentencing record makes plain that the court applied a variance, rather than a departure. First, nothing in the record -- ranging from the PSR to the sentencing hearing -- suggests that the district court ever considered a departure under Application Note 2. Further, the district court followed the steps typical of a variance when imposing the sentence: it calculated the guidelines range, examined the factors, and imposed an above-guidelines prison term. See, e.g., Aponte-Vellon, 754 F.3d at 93. If there were any question, the court's explicit invocation of 18 U.S.C. § 3553(a) at the time that it augmented the sentence sheds light on the court's intent. For the simple reason that the court varied, rather than departed, there was no Rule 32(h) error.[1]

Oquendo-Garcia also challenges the substantive reasonableness of his sentence. He argues that he was less culpable than his co-defendant since he was convicted on only one of the two charges, having only constructively possessed the rifle. In contrast, Molina-Velazquez had actual possession of the rifle

---

[1] In any event, Oquendo-Garcia would be unable to establish that the error affected his substantial rights on plain error review. The PSR and the plea agreement provided him with notice that the court could impose an above-guidelines sentence under § 3553(a). He was thus on notice that the court could augment his sentence based on his criminal history.

and was convicted of both crimes.  Yet, the court only sentenced Molina-Velazquez to 66 months in prison.

We review this substantive challenge under the "deferential abuse-of-discretion standard."  United States v. Battle, 637 F.3d 44, 50 (1st Cir. 2011) (citation and internal quotation marks omitted).  "[T]here is not a single appropriate sentence but, rather, a universe of reasonable sentences," Rivera-González, 776 F.3d at 52, and our goal is to determine whether the district court provided "a plausible sentencing rationale and a defensible result," United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008).  When considering a disparity-based argument in particular, our concern is primarily "with national disparities," though "we have also examined arguments . . . that a sentence was substantively unreasonable because of the disparity with the sentence given to a co-defendant."  United States v. Reverol-Rivera, 778 F.3d 363, 366 (1st Cir. 2015).

Even if we agreed that Oquendo-Garcia was "less" culpable than Molina-Velazquez, his argument nonetheless fails since the district court imposed a reasonable sentence based on Oquendo-Garcia's individualized criminal history.  The sentencing judge emphasized that this was Oquendo-Garcia's third firearm conviction, on top of nine other weapon charges.  The court stated, "[Oquendo-Garcia] is not unfamiliar with weapons . . . [A]pparently he's been very much attracted to firearms."  This was, moreover, only a

sampling of the defendant's criminal past. Thus, relying on this criminal history, the court reasonably determined that an above-guidelines sentence was necessary to promote "respect for the law" and to protect "the public from further crimes by Mr. Oquendo." These are defensible concerns. See 18 U.S.C. § 3553(a); see also United States v. Del Valle-Rodríguez, 761 F.3d 171, 176 (1st Cir. 2014) (noting that concerns over recidivism are valid reasons to impose an upward variance); United States v. Flores-Machicote, 706 F.3d 16, 23 (1st Cir. 2013) (stating that the need for deterrence "must be assessed in case-specific terms" and can justify an upward variance").[2]

Oquendo-Garcia argues that he and Molina-Velazquez were sufficiently alike and thus the court's justification cannot account for the sentencing disparity. But he does little more than broadly profess that the two cohorts had "similar criminal histories." While he provides a single record citation in the facts section of his brief to his co-defendant's PSR, he does not actually tell us what information in the PSR would support his claim, nor does he provide us with the actual document. He has quite simply failed to sufficiently develop this argument.

---

[2] Oquendo-Garcia also states that the "district court erred in considering and applying Oquendo's criminal history in its sentencing calculus." But, he fails to provide any explanation of how the court erred in that respect. Accordingly, any such claim is waived. See United States v. Oladosu, 744 F.3d 36, 39 (1st Cir. 2014) ("Because the argument is underdeveloped, it is waived.").

Despite the lack of argument, we have reviewed Molina-Velazquez's PSR anyway to assess the validity of Oquendo-Garcia's claim, given the disparity in the co-defendants' sentences. A comparison of the two, however, shows that the defendants were not "similarly situated," United States v. Vargas, 560 F.3d 45, 52 (1st Cir. 2009), such that giving Oquendo-Garcia a longer sentence than Molina-Velazquez was unreasonable. The PSRs showed that Oquendo-Garcia had more weapons-based (and overall) convictions and arrests than did Molina-Velazquez. United States v. Mateo-Espejo, 426 F.3d 508, 514 (1st Cir. 2005) ("A well-founded claim of disparity, however, assumes that apples are being compared to apples."). And, the district court specifically noted when sentencing Oquendo-Garcia that it was concerned with his "prior criminal offenses," including convictions and arrests, and his apparent attraction to firearms.

Accordingly, since the district court's "explanation, though brief, contained a clear, cogent, and coherent rationale for its decision," United States v. Madera-Ortiz, 637 F.3d 26, 31 (1st Cir. 2011), and since there were no other errors, we **affirm.**