**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

### For the First Circuit

No. 15-1481

UNITED STATES OF AMERICA,

Appellee,

v.

OMAR FIGUEROA-RIVERA,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

---

Before

Thompson, Dyk,* and Kayatta,
Circuit Judges.

---

Robert Millán on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Julia M. Meconiates, Assistant United States Attorney, on brief for appellee.

---

October 28, 2016

---

* Of the Federal Circuit, sitting by designation.

**THOMPSON**, <u>Circuit Judge</u>.

**Set Up**

As part of a nonbinding plea agreement, Omar Figueroa-Rivera pleaded guilty to possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).[1] The parties jointly recommended a sentence of 60 months in prison, the mandatory minimum sentence — and also the guideline sentence. <u>See</u> <u>United States</u> v. <u>Bermúdez-Meléndez</u>, 827 F.3d 160, 164 (1st Cir. 2016). But the district judge gave Figueroa-Rivera a 72-month term instead.

Figueroa-Rivera thinks his sentence is both procedurally and substantively unreasonable.[2] But reviewing his preserved challenges for abuse of discretion, <u>see</u> <u>United States</u> v. <u>Razo</u>, 782 F.3d 31, 36 (1st Cir. 2015), we think the opposite is true.

**Procedural Reasonableness**

Figueroa-Rivera first accuses the judge of not adequately explaining why a sentence 12 months above the statutory minimum was called for. The record shows otherwise, however.

---

[1] We pull the background facts from the plea agreement and the transcripts from the relevant court hearings, as is customary in cases like this. <u>See, e.g.</u>, <u>United States</u> v. <u>Romero-Galindez</u>, 782 F.3d 63, 65 n.1 (1st Cir. 2015).

[2] Because the judge's sentence exceeded the parties' recommendation, the waiver-of-appeal clause Figueroa-Rivera had agreed to "is a dead letter." <u>See</u> <u>Bermúdez-Meléndez</u>, 827 F.3d at 163.

Before imposing sentence, the judge heard and considered the defense's leniency plea — *e.g.*, that Figueroa-Rivera was not a hardened outlaw but rather a tenth-grade-educated father of three who had a good job as a butcher, and who had no prior criminal convictions, had cooperated truthfully with the police, and had expressed genuine remorse for his misdoings. And referencing the local crime rate — guns "like the one" Figueroa-Rivera possessed "are present everywhere," the judge said — the judge hit on the relevant sentencing factors, see 18 U.S.C. § 3553(a), emphasizing that any selected prison term had to advance certain objectives, like respect for the law, just punishment, deterrence, and public protection. And he concluded that a 72-month prison stint better served these sentencing objectives than a 60-month stint. A judge must say enough for us to meaningfully review the sentence's reasonableness. See United States v. Fernández-Cabrera, 625 F.3d 48, 53 (1st Cir. 2010) (noting that a judge's explanation need not be "precise to the point of pedantry"). And the judge did that here.

Next Figueroa-Rivera says the judge placed too much weight on local-crime-rate concerns and too little weight on his individual characteristics. We think not. As we just said, the judge discussed Figueroa-Rivera's personal background and traits, as well a number of § 3553(a) factors. True, the judge did mention

- 3 -

the local crime rate.  But he did so in talking about the need for *deterrence* — an indisputably legitimate sentencing goal.  See, e.g., United States v. Flores-Machicote, 706 F.3d 16, 23 (1st Cir. 2013).  Our review of the entire record convinces us that the judge sentenced Figueroa-Rivera after taking in the totality of the circumstances, with community-based concerns just a part of that mix — and Figueroa-Rivera points us to nothing showing that the judge gave those concerns *undue* weight.  See id.  So this facet of his procedural-unreasonableness argument fails too.  See generally United States v. Suárez–González, 760 F.3d 96, 101-02 (1st Cir. 2014) (explaining that balancing the relevant sentencing factors "is precisely the function that a sentencing court is expected to perform"); United States v. Carrasco–de–Jesús, 589 F.3d 22, 29 (1st Cir. 2009) (holding that "[a] criminal defendant is entitled to a weighing" of relevant factors, "not to a particular result").

**Substantive Reasonableness**

Finding no procedural error, we turn to Figueroa-Rivera's substantive-unreasonableness claim.  His primary argument is that because the judge put undue weight on the local crime rate, the 72-month sentence is not supported by a plausible rationale.  Cf. generally United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008) (emphasizing that a sentence is substantively reasonable if it reflects a plausible rationale and a defensible result).  But

- 4 -

our rejection of his undue-weight theory above throws cold water on this theory too.

As a fallback, Figueroa-Rivera says that we must factor three cases — United States v. Rivera-González, 776 F.3d 45 (1st Cir. 2015); United States v. Vargas-García, 794 F.3d 162 (1st Cir. 2015); and United States v. Oquendo-Garcia, 783 F.3d 54 (1st Cir. 2015) — into our assessment of the "appropriate[ness]" of "the upward variance imposed."  The defendants there — who got upward variances of 24, 30, and 24 months over the 60-month guideline sentence — had serious criminal histories, Figueroa-Rivera notes. See respectively Rivera-González, 776 F.3d at 48, 52; Vargas-García, 794 F.3d at 165; Oquendo-García, 783 F.3d at 55-56.  And, the argument continues, because his criminal history was less serious than theirs, the judge could only have whacked him with a 12-month variance by relying too much on the local crime rate and not enough on his individual characteristics.  We are unpersuaded. True, Figueroa-Rivera's criminal history did not match those of the defendants in his trio of cases.  But as we just said, the judge did consider his personal characteristics — without giving unreasonable weight to the local crime rate — and offered a plausible rationale and reached a defensible result.  That means

that this aspect of his substantive-reasonableness claim is a no-go.[3]

## Wrap Up

Having found Figueroa-Rivera's arguments wanting, we *affirm* his sentence.

---

[3] Before ending we deal with one last issue. Figueroa-Rivera argues in his reply brief that the plea agreement bars the government from defending the reasonableness of the upwardly variant sentence on appeal. If he is right, that would leave us without the benefit of full briefing on both sides of this sentencing dispute. He is not right, though. Yes, as Figueroa-Rivera notes, the plea agreement — by its very terms — required the government to recommend that the judge sentence him to a 60-month term, a requirement the government lived up to. But critically, he highlights *no* language banning the government from contesting any *appeal* he might pursue. So this argument is a nonstarter.