**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 15-2060

UNITED STATES OF AMERICA,

Appellee,

v.

WILLIAM ZAYAS-RODRIGUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, Chief U.S. District Judge]

Before

Lynch, Circuit Judge,
Souter, Associate Justice,[*]
and Selya, Circuit Judge.

Barbara J. Sweeney on brief for appellant.
Tiffany V. Monrose, Assistant United States Attorney, Mariana
E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States
Attorney, on brief for appellee.

January 18, 2017

---

[*] Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**LYNCH**, **Circuit Judge**.  William Zayas-Rodriguez pled guilty to possession of a firearm in furtherance of a drug trafficking crime and received a sentence of 70 months' imprisonment.  We reject his challenges to the procedural and substantive reasonableness of his sentence and affirm.

I.

On April 21, 2014, a police cruiser in Cayey, Puerto Rico attempted to stop a car that appeared to have illegally tinted windows.  The car sped off, but after a chase the police detained it and identified its driver as Zayas-Rodriguez.  While checking Zayas-Rodriguez's license and registration, an officer noticed a pistol "in plain view, partially hidden under the [car's] front passenger seat."  The car also contained $1,033 in cash, as well as significant amounts of ammunition and controlled substances.

On September 4, 2014, Zayas-Rodriguez agreed to plead guilty to possession of a firearm in furtherance of a drug trafficking crime.  See 18 U.S.C. § 924(c)(1)(A)(i).  That offense triggers a mandatory minimum sentence of 60 months, id., and so 60 months was the advisory sentence under the Sentencing Guidelines, see U.S.S.G. § 2K2.4(b) (providing that, for § 924(c) convictions, "the guideline sentence is the minimum term of imprisonment").  In the non-binding plea agreement, the government agreed to recommend a 60-month sentence and to request dismissal of the other charges

at sentencing. The district court accepted the plea on October 15, 2014.

On August 25, 2015, at sentencing, Zayas-Rodriguez's counsel did not object to any of the information in the Pre-Sentence Report ("PSR"), and Zayas-Rodriguez himself confirmed that the PSR's facts were accurate. The district court, after stating that it had "considered the sentencing factors under [18 U.S.C. §] 3553(a)," the plea agreement, and its obligation to "impos[e] a sentence that [wa]s not harsher than necessary," chose to impose a 70-month sentence. The court explained that it had taken into account Zayas-Rodriguez's numerous prior arrests and convictions, as well as "the elements of the instant offense." Zayas-Rodriguez timely appealed.

## II.

Zayas-Rodriguez claims that his sentence was both procedurally and substantively unreasonable.[1] His arguments fail.

A. Procedural Reasonableness

We need not resolve the parties' disagreement as to the appropriate standard of review because there was no abuse of

---

[1] As the government concedes, the plea agreement's waiver-of-appeal clause does not bar this appeal because the district court varied upward from the agreement's joint sentencing recommendation. See United States v. Rivera-González, 776 F.3d 45, 48–49 (1st Cir. 2015).

discretion, much less plain error, in the sentence's procedural reasonableness.

First, Zayas-Rodriguez argues that his sentence was procedurally unreasonable because the district court "extemporaneously" calculated a criminal history score without giving him notice of the data or methodology used. But the court explicitly confirmed its awareness that "the provisions of Chapter 4 of the Sentencing Guidelines do not apply to . . . [§] 924(c) violations," and when viewed in context, its calculation was merely a remark meant to help illustrate, for § 3553(a) purposes, the extensiveness of Zayas-Rodriguez's arrest record. See United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir. 2013) (observing that § 3553(a)(1) instructs sentencing judges to consider the defendant's "history and characteristics"). And the court had no obligation to give advance notice that it might choose an upward variance based on facts contained in the PSR. See Irizarry v. United States, 553 U.S. 708, 713–14 (2008).

As a corollary to his first argument, Zayas-Rodriguez argues next that the district court mischaracterized one of his prior offenses as a "carjacking," when in fact the offense was an illegal appropriation. Even assuming arguendo that the court misunderstood the precise nature of that prior offense, the argument still falls short; any error was harmless. Because the district court's broader point was the extensiveness of the arrest

record, we are satisfied that the court's misunderstanding, if any, had no effect on the sentence.  See United States v. Alphas, 785 F.3d 775, 780 (1st Cir. 2015) (citing Williams v. United States, 503 U.S. 193, 203 (1992)).

Finally, Zayas-Rodriguez argues that his sentence was procedurally unreasonable because the district court gave undue consideration to the effects of gun violence on Puerto Rico's citizens.  But as we have repeatedly stated, a district court may consider such issues as deterrence-related factors that help to justify an upward variance, so long as the court does not "focus too much on the community and too little on the individual [defendant]."  Flores-Machicote, 706 F.3d at 24; see also, e.g., United States v. Pedroza-Orengo, 817 F.3d 829, 834 (1st Cir. 2016); United States v. Pantojas-Cruz, 800 F.3d 54, 59-60 (1st Cir. 2015); United States v. Narváez-Soto, 773 F.3d 282, 285–86 (1st Cir. 2014); United States v. Politano, 522 F.3d 69, 73–74 (1st Cir. 2008).  In Zayas-Rodriguez's case, the court appropriately tied the community-based factors to the other § 3553(a) factors and to his individual circumstances -- particularly the fact that the police had found drugs, in addition to a firearm, when they searched his car.

B.   Substantive Reasonableness

Zayas-Rodriguez also claims that his sentence was substantively unreasonable.  Once again, we need not resolve any

uncertainty over the appropriate standard of review[2] because the sentence was substantively reasonable under any standard. The district court's "ultimate responsibility [wa]s to articulate a plausible rationale and arrive at a sensible result," United States v. Carrasco-de-Jesús, 589 F.3d 22, 30 (1st Cir. 2009), and it met those obligations by plausibly reasoning that Zayas-Rodriguez's extensive criminal history and the "serious combination" of weapons and drugs found in his car warranted a modest upward variance from the mandatory minimum. "That the sentencing court chose not to attach to certain of the mitigating factors the significance that [Zayas-Rodriguez] thinks they deserved does not make the sentence unreasonable." United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011).

## III.

For the foregoing reasons, we affirm Zayas-Rodriguez's sentence.

---

[2] It is not settled whether "a failure to . . . object[] in the district court to the substantive reasonableness of a sentence begets plain error review" or abuse of discretion review. United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir.), cert. denied, 136 S. Ct. 258 (2015).