[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14157
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00079-DHB-BKE-1

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

MIKE ARTHUR LAMBERT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 10, 2019)

Before WILSON, WILLIAM PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Mike Lambert pleaded guilty to possessing a firearm during a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i).  The district court sentenced Lambert to 84 months—24 months above the United States Sentencing Guidelines range.  Lambert now appeals, arguing that the district court erred first, by failing to fully inform him of the consequences of his plea, and second, by imposing a substantively unreasonable 24-month upward variance.  We disagree and affirm.

## I. Guilty Plea

Lambert first argues that he did not understand the consequences of his plea, making the plea unknowing and involuntary.

### A. Background

Lambert pleaded guilty under a written plea agreement, which stated that the guilty plea would subject Lambert to a sentence of at least five years and up to life imprisonment.  Although the plea agreement also stated that no one had promised Lambert "any particular sentence or a sentence within any particular range," it indicated the Guideline range was up to 60 months' imprisonment.  But the agreement also stated that the district court was not bound by any estimate and could impose a sentence up to the statutory maximum of life imprisonment. Lambert signed the agreement under language indicating that he had read, carefully reviewed, and voluntarily agreed to it.

2

At the plea colloquy, in summarizing the contents of the plea agreement, the district court said that the "guideline sentence in this case is the statutory minimum of 60 months," which Lambert's counsel indicated he had "bargained for." The court also stated that the "statutory minimum is five years" and, incorrectly, that "the maximum is five years." The district court then asked Lambert whether he had been given "assurance that it would be a 60-month sentence." Lambert responded that he had. Lambert also told the district court that he had reviewed the agreement and that it was accurate. At the sentencing hearing, the district court informed Lambert that, after reviewing the Pre-Sentence Investigation Report (PSI), the court was considering an upward variance. Lambert requested and received a continuance in light of the district court's intent to vary from the Guideline range. At the continued sentence hearing 18 days later, the district court sentenced Lambert to 84 months' imprisonment.

### B. Discussion

If a defendant does not raise an objection about his plea colloquy in the district court, we review for plain error. *See United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam). Plain error occurs when: (1) there is an error; (2) that is plain; (3) that affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. A defendant seeking a reversal of his conviction because the

3

district court committed plain error under Federal Rule of Criminal Procedure 11 in accepting his guilty plea "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Under Rule 11, before a court may accept a guilty plea, it must inform the defendant of his rights should he plead not guilty, the nature of the charges against him, the potential penalties, and the court's obligation to calculate his advisory Guideline range. *See* Fed. R. Crim. P. 11(b)(1)(B)–(E), (G)–(M). The court must also explain that a guilty plea waives the defendant's trial rights and ensure that the plea is entered voluntarily and is supported by a sufficient factual basis. *See* Fed. R. Crim. P. 11(b)(1)(F), (b)(2)–(3). Rule 11(c) states that:

> [T]he plea agreement may specify that an attorney for the government will . . . recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply . . . .

Fed. R. Crim. P. 11(c)(1)(B). "To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the

defendant has no right to withdraw the plea if the court does not follow the recommendation or request." Fed. R. Crim. P. 11(c)(3)(B).[1]

To comply with due process, the district court must address Rule 11's three "core principles": (1) the guilty plea is free of coercion; (2) the defendant understands the nature of the charges against him; and (3) the defendant understands the consequences of the guilty plea. *Moriarty*, 429 F.3d at 1019. To comply with the third core principle, the district court must inform the defendant of, among other things, the rights that he gives up by pleading guilty, the right to persist in a not guilty plea, and the court's authority to impose certain punishments. *Id.*; *see also* Fed. R. Crim. P. 11(b)(1).

If the defendant failed to object to his plea before the district court, failure to strictly comply with Rule 11 does not necessarily implicate a core concern, nor does it require reversal if the defendant does not show prejudice. *United States v. Monroe*, 353 F.3d 1346, 1356 (11th Cir. 2003). Although a complete or nearly complete failure to address a core concern may be reversible, a "slip up" in which the district court forgets to explicitly cover an item in Rule 11, but otherwise addresses the core concerns, is not. *See id.* at 1355–56 & n.12. The court

---

[1] To the extent that Lambert argues that the district court violated Rule 11(c), his plea agreement is not the type specified in Rule 11(c)(1)(B) because it did not specify that the government would recommend a particular sentence or sentencing range or that a sentencing factor would or would not apply. The agreement stated only that "the guideline sentence in this case is the statutory minimum sentence of 60 months."

5

generally "will uphold a plea colloquy that technically violates Rule 11, but adequately addresses the three core concerns." *United States v. Hernandez-Fraire*, 208 F.3d 945, 950 (11th Cir. 2000). "If the defendant does understand the plea and its consequences, then the plea colloquy did not violate the defendant's substantial rights and any technical errors are harmless." *United States v. Jones*, 143 F.3d 1417, 1420 (11th Cir. 1998) (per curiam).

We may "review the whole record when considering the effect of any error on substantial rights." *Monroe*, 353 F.3d at 1350 (quotation marks omitted). "There is a strong presumption that the statements made during the colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Written plea agreements are part of the record of a Rule 11 hearing. *Jones*, 143 F.3d at 1420. "[W]here a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with." *Id*.

Lambert's essential argument on appeal is that the district court failed to inform him of the third Rule 11 core concern—the direct consequences of his plea. Given the district court's misstatements at one point in the plea colloquy that the minimum and maximum sentences were each five years, Lambert reasonably could have been confused about the maximum sentence and, therefore, the consequences

6

of his plea.  But although some of the district court's statements were confusing, Lambert has not shown plain error.  After Lambert stated that he was given assurances that he would get a 60-month sentence, the district court asked whether anyone had promised him less than what was in his plea agreement, and Lambert said no.  The district court explicitly stated, during sentencing, that there had been no assurances that it was going to impose a 60-month sentence, and Lambert's counsel acknowledged that the district court had the ability to sentence outside the Guideline range.  The explicit terms in the plea agreement—which Lambert repeatedly said he understood—indicate that: (1) the maximum penalty was life; (2) no one had promised Lambert any sentence; (3) the district court could impose any sentence up to the statutory maximum; (4) Lambert would not be able to withdraw his guilty plea if he got a harsher sentence than he expected; and (5) a Guideline sentence would be based on all his relevant conduct.  The district court specifically referred to the written plea agreement during the colloquy and ensured that Lambert understood its contents.  *See Jones*, 143 F.3d at 1420.

And even though some of the district court's statements were confusing, Lambert has not established that he would not have pleaded guilty but for that error, and, therefore, that error did not harm his substantial rights.  The district court informed Lambert that it was going to vary upward from 60 months, and even after an 18-day continuance, Lambert did not attempt to withdraw his plea.

Given the plea agreement, the warning of an upward variance, and the relatively minor nature of the district court's misstatements at the plea colloquy when viewed in the context of the rest of the colloquy, there is no reasonable probability that the district court's error made a difference in Lambert's decision to plead guilty.  The district court accordingly did not plainly err by failing to inform Lambert of the consequences of his guilty plea.

## II. Sentence

Lambert next argues that the district court's sentence was substantively unreasonable because it was 24 months above the Guideline range.   He argues that the district court did not give proper weight to the Guidelines, did not consider whether an upward variance was warranted, and simply invoked its ability to vary upward without explaining why the Guideline factors were insufficient.

We review the substantive reasonableness of a sentence, including a district court's decision to depart from the Guidelines, for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Melvin*, 187 F.3d 1316, 1320 (11th Cir. 1999).  The substantive reasonableness of a sentence is based on the totality of the circumstances and considered in light of the 18 U.S.C. § 3553(a) statutory sentencing factors.

The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the § 3553(a) factors, including: (1) the nature and

8

circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(1), (2)(A)–(C).  The court should also consider the kinds of sentences available, the applicable Guideline range, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(3)–(4), (6)–(7).

The weight given to any specific § 3553(a) factor is within the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).  If the district court imposes a variance, it must provide a justification that is "sufficiently compelling to support the degree of the variance."  *Id.* at 1196.  We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) (quotation marks omitted).  "[D]istrict courts, after calculating the guidelines, are

9

free to impose a more or less severe sentence than the guidelines recommend so long as it is reasonable." *United States v. Eldick*, 443 F.3d 783, 789 (11th Cir. 2006) (per curiam).

The district court did not abuse its discretion when it varied upward by 24 months.[2] The district court explained in depth that it was very concerned with the circumstances inside Lambert's home. It expressed concern about the quantity of guns, ammunition, and drugs inside the home and how they presented considerable dangers to the young children in the home. The district court also discussed its concern for the safety of the officers who executed the search warrant, noting that Lambert was well stocked to, if he desired, engage in a firefight with the police. The district court explained that the sentence in this case needed to promote respect for the law, provide just punishment, deter criminal conduct, protect the public from other crimes, and provide Lambert with vocational support. To do so, it stated, required varying upward from the Guideline sentence. These reasons are sufficiently compelling to warrant the 24-month variance. *Irey*, 612 F.3d at 1196.

---

[2] Although this Court has not addressed whether the above-Guideline sentence of the type here is a variance or a departure under the U.S.S.G. § 2K2.4(b) commentary, the district court never cited a departure provision, explicitly considered the 18 U.S.C. § 3553(a) factors, and explicitly stated that it was varying upward. Because the record is unambiguous that the district court varied upward, we decline to consider whether the sentence amounts to an upward departure. *See United States v. Eldick*, 443 F.3d 783, 788 n.2 (11th Cir. 2006) (per curiam); *see also United States v. Oquendo-Garcia*, 783 F.3d 54, 56–57 (1st Cir. 2015) (holding that district court had imposed a variance, not a departure, despite the language of the U.S.S.G. § 2K2.4(b) commentary, because the record showed that the district court never considered a departure, took steps typically associated with a variance, and explicitly invoked 18 U.S.C. § 3553(a)).

Lambert's 84-month sentence is far below the statutory maximum of life imprisonment and is not outside the range of reasonable sentences.

## III.  Conclusion

The district court did not clearly err by failing to adequately inform Lambert of the consequences of his guilty plea and did not abuse its discretion by applying an unreasonable sentence.  Accordingly, we affirm.

**AFFIRMED.**